## Elizabeth C. Mason v. City of Mattoon.

1.  NUISANCE—*Pollution of a Stream—Prevention by Injunction.*—A court of equity has jurisdiction to prevent the pollution of the water in a stream by emptying the sewage of a city therein, whereby the water will be rendered unwholesome and unfit for use.   Where such a nuisance is shown a court of equity will enjoin its continuance.

**Bill for an Injunction.**—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded with directions. Opinion filed December 7, 1900. Rehearing denied June 4, 1901.

ANDREWS & VAUSE, attorneys for appellant.

JOHN MCNUTT, JR., city attorney, for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a bill in chancery, filed in the Circuit Court of Coles County by Elizabeth C. Mason, who owned a farm outside of and adjoining the city of Mattoon, and through which Kickapoo Creek runs, against that city, to obtain an order of court compelling it to abate a nuisance which she alleges is created upon her farm, by the sewerage of the city being discharged into the creek through the system of sewers and drains constructed by the city and connected with the creek; and also to permanently enjoin the city from continuing or permitting the flow of said sewage into the creek through said system of sewers and drains.

The bill was heard upon the pleadings and the evidence taken before the master and reported to the court, and resulted in the bill being dismissed for want of equity and without prejudice to complainant in an action at law.

Mrs. Mason brings the case to this court by appeal and insists that the decree of the Circuit Court ought to be reversed because it is contrary to the evidence in, and the equity of, the case.

The evidence shows that appellant owns a farm of eighty-three acres situated outside of and adjoining the southeast part of the corporate limits of the city of Mattoon, which city has a population of about 10,000 inhabitants. Kickapoo Creek, a small body of water, runs south of and near to the southern part of the city limits, and afterward passes through appellant's farm. The waters of this creek flow from the west toward the east, and in a state of nature, are clear except in times of freshets, when it is muddied by the surface waters which drain into it. In the dry seasons of the year, the waters of the creek dry up, except in some

deep holes where most all of the year there is some water. During the summer time, weeds and grass grow in most parts of the bed of the creek.

A considerable portion of the surface waters of the city naturally drain into Kickapoo Creek, and there have been for many years some open drains along the sides of many of the streets which were connected with open ditches that conveyed some of the surface waters of such streets into the creek.

In 1894, the city commenced to construct a system of underground drains or sewers along many of its streets, which it also connected with these open ditches and others in such a manner as to discharge the waters thereof into the creek, and from time to time this system has been extended until at the time the bill was filed there was some six or eight miles of such drains or sewers which emptied their contents into the creek at four different places up stream from the farm of appellant.

There are two ponds near the bank of the creek upon appellant's farm from which ice is cut and sold in the city, and live stock on the farm is supplied with drinking water by the creek and ponds.

Mattoon is a growing town, and since the underground drains or sewers were connected with the creek, the quantity of filth which is emptied therein from them has also been greatly increased, and quantities thereof lodge among the grass and weeds of the creek bed on appellant's farm, and is also washed into her ponds, so that the waters thereof are wholly unfit either for live stock to drink or to furnish merchantable ice, as before. In warm weather there is such a quantity of noxious odor emitted from the filth which has been brought into the creek by these drains or sewers of the city that appellant's farm is an uncomfortable and unhealthy place on which to live or work by reason thereof.

A large number of witnesses were examined and their testimony shows that they differed some as to the causes of the conditions existing upon appellant's farm when the bill

was filed, as well as the effects of those causes, but still we are forced to the conclusion, from the undisputed facts, that the flow of sewage from the drains or sewers constructed and controlled by the city, has produced such a nuisance upon appellant's farm that under the principle announced by the court in Village of Dwight v. Hayes, 150 Ill. 273, and Barrett v. Mt. Greenwood Cem. Assn., 159 Ill. 385, the learned chancellor who entered the decree of the Circuit Court in this case, committed prejudicial ,error against appellant when he dismissed her bill for want of equity, and remitted her to a court of law to redress her damages; for it seems well settled from those cases, that the pollution of water by the flow of sewage from towns or cities into it so that such waters are injured and rendered unfit for use thereby, will be relieved against by courts of equity at the instance of the owners of lands upon which such water is polluted. For which reason we reverse the decree appealed from, and will remand the case to the Circuit Court of Coles County, with directions to enter a decree finding for appellant and granting her the relief she specially prays for in her bill.

Reversed and remanded with directions.